NOT DESIGNATED FOR PUBLICATION

No. 119,639

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MIGUEL JOSE MENDEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed July 26, 2019. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Natasha Esau*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE, J., and STEVEN E. JOHNSON, District Judge, assigned.

PER CURIAM:  Miguel Jose Mendez was granted probation after being convicted of his third driving-under-the-influence conviction. After Mendez violated his probation a third time, the district court revoked his probation and ordered him to serve his original prison sentence. Mendez appeals the revocation of his probation, arguing that the district court abused its discretion. After review, we find no abuse of discretion and affirm the district court.

1

In September 2017, pursuant to a plea agreement, Mendez pled guilty to driving under the influence, third offense, and the State dismissed three other charges. The district court imposed an underlying sentence of 12 months in prison but granted Mendez 12 months of probation after he served 48 hours in jail and completed 2,112 hours of house arrest.

A few months after sentencing, Mendez admitted to violating his probation by driving with a revoked license. The district court imposed a three-day sanction in a county detention center for that violation.

About three weeks later, the State alleged that Mendez had violated his probation again, this time by walking in the middle of a road while intoxicated. Mendez served a 10-day sanction in a county detention center for that violation. The district court also ordered Mendez to enroll in the SCRAM alcohol-detection program until the end of his probation.

Shortly after that, Mendez violated his probation for a third time by testing positive for alcohol. For that violation, the district court revoked Mendez' probation and ordered him to serve his underlying prison sentence.

Mendez timely appeals.

On appeal, Mendez only argues that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence instead of giving him another chance at probation so that he might attend treatment he had arranged. The district court is not required to consider intermediate sanctions under K.S.A. 2018 Supp. 22-3716 before revoking an offender's postimprisonment supervision

in a DUI case. See K.S.A. 2018 Supp. 8-1567; *State v. Remy*, No. 114,732, 2016 WL 6822484, at *3 (Kan. App. 2016) (unpublished opinion).

Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A court abuses its discretion when its decision is based on an error of fact or law or when no reasonable person could agree with its decision. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

At his last revocation hearing, Mendez admitted that he had a drinking problem and asked the district court to give him another chance at probation so he could receive outpatient alcohol-abuse treatment. Although the district court acknowledged and appreciated Mendez' honesty about his problem, it concluded: "The best way to help you is to get this sentence served."

Mendez does not argue that the district court's order was based on either an error of fact or law. Rather, Mendez contends that the district court's decision to revoke his probation was unreasonable because supervised treatment was available to him. But considering Mendez was on probation for his third DUI conviction and had two alcohol-related violations while on probation, a reasonable person could agree that ordering Mendez to serve his underlying prison sentence was appropriate.

Because the district court's decision was not based on either an error of fact or law and a reasonable person could agree with the decision, the district court did not abuse its discretion in revoking Mendez' probation.

Affirmed.